Prob 12C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

PETITION FOR WARRANT OR SUMMONS FOR
OFFENDER UNDER SUPERVISION



FILED

JUN - 9 2005

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
                DEPUTY CLERK

| | |
|---|---|
| **Offender Name:** | Devona Roselle SMITH |
| **Docket Number:** | 2:92CR00393-01 |
| **Offender Address:** | Unknown |
| **Judicial Officer:** | Honorable David F. Levi<br>Chief United States District Judge<br>Sacramento, California |
| **Original Sentence Date:** | 12/16/1993 |
| **Original Offense:** | 18 USC 2113(a) and (d) - Armed Bank Robbery<br>(CLASS B FELONY) |
| **Original Sentence:** | 115 months Bureau of Prisons; 60 months term of Supervised Release; $50 Special Assessment |
| **Special Conditions:** | Warrantless search; Drug and alcohol treatment which may include testing. |
| **Type of Supervision:** | Supervised Release |
| **Supervision Commenced:** | 04/19/2002 |
| **Assistant U.S. Attorney:** | To be assigned         **Telephone:** (916) 554-2700 |
| **Defense Attorney:** | James R. Greiner        **Telephone:** (916) 649-2006 |
| **Other Court Action:** | |
| <u>12/14/2004</u>: | Petition for warrant or summons for offender under supervision filed alleging the offender failed to notify the Probation Officer of change in residence and new law violation. Bench warrant was issued. |

RE:     Devona Roselle SMITH
        Docket Number: 2:92CR00393-01
        PETITION FOR WARRANT OR SUMMONS
        FOR OFFENDER UNDER SUPERVISION

01/31/2005:     The offender was arrested on the No Bail warrant and booked into the Sacramento County Jail.

02/17/2005:     The offender appeared in Court regarding allegations pertained in the petition for warrant. She admitted the charges in the petition, and a disposition hearing was calendared for March 24, 2005. The offender remained in custody.

03/24/2005:     The offender continued on supervision with the added condition that the offender shall reside and participate in a residential community corrections center for a period of 7 months. (On April 4, 2005, the offender arrived at the half-way house located in Oakland, California, where she remained until her recent arrest.)

## PETITIONING THE COURT

[X]   TO ISSUE A WARRANT

The probation officer alleges the offender has violated the following condition(s) of supervision:

**Charge Number**     **Nature of Violation**

**Charge 1:**         **NEW LAW VIOLATION**

On June 8, 2005, the offender was arrested by a San Francisco Police Officer after being detained by security at Nordstrom at the Stonestown Mall for Theft By False Pretense, Factitious Fraud Return, a violation of Section 532(a) of the California Penal Code and Petty Theft With A Prior, a violation of Section 666 of the California Penal Code. This

**RE:**   **Devona Roselle SMITH**
   **Docket Number:  2:92CR00393-01**
   **PETITION FOR WARRANT OR SUMMONS**
   **FOR OFFENDER UNDER SUPERVISION**

information is contained in Report No. 05-0640822. She is currently being held in County Jail No. 1 located in San Francisco, California. This conduct is in violation of her supervised release condition which states that "the defendant shall not commit any other federal, state or local crime."

**Justification:**   The offender committed this new law violation while residing at the half-way house in Oakland, California. She is currently in custody at the San Francisco County Jail No. 1. It is apparent Ms. Smith is not amenable to supervision and has completely disregarded the orders of the Court.

**Bail/Detention:**   In view of the aforementioned information, a bench warrant for the offender's arrest is requested. Since the offender has absconded in the past, the undersigned has concerns that if a warrant is not lodged against the offender while she is in custody, she will again abscond. Considering the nature of the underlined offense, Armed Bank Robbery, and the new law violation conduct, the Probation Office recommends detention when she is apprehended.

**I declare under penalty of perjury that the foregoing is true and correct.**

**EXECUTED ON:**   June 9, 2005
   Sacramento, California
   CJM/cp

   Respectfully submitted,

   /s/Cynthia J. Mazzei
   **CYNTHIA J. MAZZEI**
   **United States Probation Officer**
   Telephone:  (916) 930-4315

RE: Devona Roselle SMITH
Docket Number: 2:92CR00393-01
PETITION FOR WARRANT OR SUMMONS
FOR OFFENDER UNDER SUPERVISION

REVIEWED BY:   /s/Rafael G. Loya
               RAFAEL G. LOYA
               Supervising United States Probation Officer

---

## THE COURT FINDS PROBABLE CAUSE AND ORDERS:

[X]  The issuance of a warrant      [ ] Bail set at $ __   [X] No Bail

[ ]  The issuance of a summons (copy to Defense Counsel).

[ ]  Other:

## FURTHER PROCEEDINGS REGARDING CUSTODY:

[ ]  Defendant is ordered detained, to be brought before District Judge forthwith.

[X]  Initial appearance and detention hearing before Magistrate Judge.

June 9, 2005                                    /s/ David F. Levi
Date                                            Signature of Judicial Officer

cc:  United States Probation
     To be assigned, Assistant United States Attorney
     United States Marshal Service

Attachment: Presentence Report   (Sacramento only)

## STATEMENT OF EVIDENCE OF ALLEGED
## SUPERVISED RELEASE VIOLATIONS

Honorable David F. Levi
Chief United States District Judge
Sacramento, California

                                          **RE:   Devona Roselle SMITH**
                                                 **Docket Number:   2:92CR00393-01**

Your Honor:

In addition to a copy of the **Acknowledgment of Conditions of Probation or Supervised Release and Receipt of Criminal Judgment and Judgment and Commitment Order,** the following evidence and/or testimony will be offered to support the probation officer's allegation that the above-named releasee is in violation of the conditions of supervision as stated on the attached Probation Form 12C - Petition for Warrant or Summons for Offender Under Supervision.

**Charge 1:   NEW LAW VIOLATION**

    **A.   Evidence:**

        (1)   San Francisco Police Report No. 05-0640822.

    **B.   Witnesses:**

        (1)   Nordstrom Security Personnel and the San Francisco Police Department will testify the offender was arrested on June 8, 2005, for Theft By False Pretense, Factitious Fraudulent Return.

RE: Devona Roselle SMITH
    Docket Number: 2:92CR00393-01
    **STATEMENT OF EVIDENCE**

Respectfully submitted,

/s/Cynthia J. Mazzei
**CYNTHIA J. MAZZEI**
**United States Probation Officer**

DATED: June 9, 2005
       Sacramento, California
       CJM/cp

REVIEWED BY: /s/Rafael G. Loya
             **RAFAEL G. LOYA**
             **Supervising United States Probation Officer**

## REVOCATION GUIDE - SUPERVISED RELEASE

**Offender Name:** Devona Roselle SMITH   **Docket Number:** 2:92CR00393-01

**Date of original offense:** 06/06/1992

**Original term of supervised release imposed:** 5 years.

**Highest grade of violation alleged:** Grade C

**Criminal History Category of offender:** V

**Chapter 7 range of imprisonment:** 7 to 13 months.

**Maximum term on revocation - 18 USC 3583(e)(3):** (*choose one below*)

- ___ Class A felony - 5 years (or stat max of ___ years if longer).
- _X_ Class B felony - 3 years
- ___ Class C and/or D felony - 2 years
- ___ Class E felony and misdemeanors: 1 year

**Violation requires mandatory revocation:** YES: ___ NO: _X_.

**Original offense committed before 09/13/94:** Court may sentence up to the original term of supervised release, but not exceed the maximum for the classes of offenses noted above. Court must consider but is not bound by Chapter 7 ranges. Court must state on the record the reasons for sentences which exceed Chapter 7 ranges. Upon revocation, the Court may re-impose supervised release; however, the re-imposition is limited to the term of supervised release originally imposed, less the term of imprisonment imposed upon revocation.

### MANDATORY REVOCATION ISSUES

**Original offense committed before 09/13/94:** Title 18 USC 3583 instructs that supervision be revoked upon a finding of possession of a controlled substance. If the violation involves the use of a controlled substance, the Court has the discretion to find that "use" constitutes "possession." A possession finding requires the imposition of a sentence not less than one-third of the term of supervised release.

June 9, 2005
CJM/cp